UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAURICE WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:08-CV-759-CEJ |
| ) | |
| PHILIP HEAGNEY, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the petition of Maurice Williams for a writ of habeas corpus and his application for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner, a pre-trial detainee at the St. Louis City Justice Center, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2244. Because it does not appear that petitioner is confined pursuant to a state-court judgment, the Court will construe this action as having been brought under 28 U.S.C. § 2241. Petitioner is challenging the validity of the grand jury proceedings that led to his arrest on March 23, 2008. Specifically, he takes issue with the fact that the grand jury was "read the document which

acknowledged [his] prior felony convictions." The instant petition will be summarily dismissed.

Under 28 U.S.C. § 2241(c)(3), federal courts have jurisdiction over pretrial habeas petitions. Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pretrial habeas relief." Id. Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. Id. "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings." Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (D. Wis. 1999). Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 488 (1973); Blanck, 48 F.Supp.2d at 860.

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies. Petitioner's allegations concern grand jury proceedings, not speedy trial or double jeopardy issues. Moreover, petitioner will have the opportunity to raise constitutional challenges in the context of his state criminal proceedings, and if necessary, subsequent appeal. Additionally, the State of Missouri provides habeas corpus relief for prisoners in its custody. For these reasons, the Court will deny the instant habeas petition.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 21st day of July, 2008

_____
**UNITED STATES DISTRICT JUDGE**